IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY D. LANE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 06-CV-278-TCK-SAJ |
| CORRECTIONS CORPORATION OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

On May 30, 2006, Plaintiff, a state inmate appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 2), and a motion for leave to proceed *in forma pauperis* (Dkt. # 3). By Order filed June 5, 2006 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed payment of an initial partial filing fee. The Court also directed Plaintiff to file a response addressing the issues of the two-year statute of limitations and the exhaustion of administrative remedies requirement applicable to civil rights actions commenced by prisoners. On June 26, 2006, Plaintiff paid the initial partial filing fee. On June 29, 2006, Plaintiff filed his response (Dkt. # 6) to the Court's Order. He also filed an amended complaint (Dkt. # 7). On September 13, 2006, Plaintiff filed supplemental exhibits (Dkt. # 8) to his amended complaint. For the reasons discussed below, the Court finds Plaintiff failed to exhaust administrative remedies prior to filing his complaint. Therefore, the complaint, as amended, shall be dismissed without prejudice.

*BACKGROUND*

In his amended complaint, Plaintiff alleges that Defendant Corrections Corporation of America ("CCA") failed to provide adequate medical care in violation of the Eighth and Fourteenth Amendments while he was in custody at David L. Moss Criminal Justice Center ("DLMCJC"),

located in Tulsa, Oklahoma. Plaintiff claims that on April 11, 2004, he complained of severe abdominal pain, but that he was not transported to Tulsa Regional Hospital for treatment until April 15, 2004. Upon arrival at the hospital, Plaintiff indicates he was told he was not going to make it through the night. He claims he "had ruptured and was severely infected because they failed to take me to hospital in time." See Dkt. # 2. In his amended complaint, Plaintiff asks for relief as follows:

(A) Declaratory Judgment plaintiffs rights have been violated.

(B) Grant compensatory damages of One Hundred Fifty Thousand dollars from each defendant named or to be named.

(C) Grant puntive (sic) damages against all defendants of One Million dollars.

(D) Grant on going damages from all defendants in excess of Ten Thousand dollars.

(Dkt. # 7).

The Court notes that the amended complaint filed by Plaintiff is not on the court-approved form and does not contain a section describing Administrative Relief. However, Plaintiff indicates in his sworn statement found attached to his response (Dkt. # 6) that "[a] grievance would have been ineffective and futile as I was dieing (sic) in their floor being called 'a white honkie' . . ." (Dkt. # 6).

Plaintiff has also provided supplemental exhibits in an effort to demonstrate that he exhausted administrative remedies. He has provided a Sick Call Request, dated April 12, 2004, submitted by "Larry Pearce" (Dkt. # 8, Ex. 1); a Physician's Order Sheet reflecting entries for 3/10/04, 3/22/04, 3/25/04, and 4/12/04 for inmate "Larry Pearce" (Dkt. # 8, Ex. 2); and a Sick Call Request, dated February 4, 2004, submitted by "Larry D. Pearce" (Dkt. # 8, Ex. 3).

## *ANALYSIS*

The Prison Litigation Reform Act ("PLRA") provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall** dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(ii)(iii) (emphasis added). A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. See also Fed. R. Civ. P. 12(b)(6) and Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (setting forth standards for evaluating the sufficiency of a claim).[1] "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting Rivera v. Allin, 144 F.3d 719, 731

---

[1] When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all well-pled factual allegations in the complaint as true, and the Court must view all inferences that can be drawn from those well-pled facts in the light most favorable to plaintiff. Viewing the allegations in the complaint through this lens, the Court may grant a Rule 12(b)(6) motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. The Court finds that this same standard applies when deciding whether to dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

(11th Cir.1998)).

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001).

Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele, 355 F.3d at 1210 (quotation omitted). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Id. (quotation omitted). The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint in its entirety without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s

exhaustion requirement. <u>Booth</u>, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

In this case, Plaintiff has not satisfied the exhaustion requirement and his complaint must be dismissed without prejudice.[2] <u>Ross</u>, 365 F.3d at 1189.  Plaintiff alleges he received inadequate medical care during his confinement at DLMCJC.  Specifically, he complains that Defendant failed to train personnel adequately and that DLMCJC personnel were deliberately indifferent to his serious medical needs.  His claims fall squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when those claims arose. <u>Cf.</u> <u>Robbins v. Chronister</u>, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement."). In support of his allegation that he exhausted administrative remedies, Plaintiff Larry Lane has provided Sick Call Requests submitted by inmate "Larry Pearce."[3] <u>See</u> Dkt. # 8, Exs. 1 and 3. Those

---

[2] As discussed in the Court's prior Order (Dkt. # 4), this action may also be barred by the two-year limitations period applicable to civil rights claims.  Plaintiff filed his complaint on May 30, 2006. Therefore, a claim arising prior to May 30, 2004, may be time-barred. Plaintiff indicates that the events giving rise to his claim occurred in April 2004. Since April of 2004 preceded May 30, 2004, it appears the limitations period applicable to Plaintiff's claim expired prior to the filing of the complaint.  For that reason, the Court directed Plaintiff to file a response demonstrating why this matter should not be dismissed as barred by the two-year statute of limitations.  In his response (Dkt. # 6), Plaintiff alleges that he was under a legal disability and "was still in the medical ward of the Lawton Correctional Facility when he filed his civil rights complaint."  <u>See</u> Dkt. # 6.  Plaintiff further states he "underwent surgery after surgery due to the lack of medical care at the hands of the Defendant." <u>Id.</u>  However, he fails to provide documentation or to make statements of fact regarding dates or details of any additional surgeries. In the absence of supporting documentation or statements of fact, Plaintiff's general allegations of a "legal disability" would be too conclusory to avoid a limitations bar.

[3] It appears that "Larry Pearce" may be an alias used by Plaintiff.

requests were submitted only for the purpose of receiving medical treatment. The documents provided by Plaintiff did not provide prison officials the opportunity to investigate and address internally Plaintiff's complaints of deliberate indifference to a serious medical need and failure to train. Plaintiff admits that he never filed grievances with DLMCJC authorities. However, he offers various excuses for his failure to exhaust administrative remedies. He claims that it would have been futile because "there is (sic) no administrative remedies to this cause of action" and because he "claims he is entitled to award of damages in excess of $10,000." (Dkt. # 6). As discussed above, there is no futility exception to PLRA's exhaustion requirement and exhaustion is required regardless of the type of relief available. Booth, 532 U.S. at 741. The Court finds no basis for excusing the exhaustion requirement in this case.

Upon careful review of the argument and record provided for review, the Court finds that Plaintiff has failed to demonstrate that he exhausted administrative remedies available at DLMCJC for the claims raised in the amended complaint. He has not met his burden of pleading exhaustion with sufficient specificity. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003); 42 U.S.C. § 1997e(a). Therefore, the Court concludes the complaint shall be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). A separate judgment shall be entered for Defendant.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint (Dkt. # 2), as amended (Dkt. # 7), is **dismissed without prejudice** for failure to exhaust administrative remedies.

2. This is a final Order terminating this action.

3. A separate Judgment shall be entered in favor of Defendant.

DATED THIS 12th day of October, 2006.

TERENCE C KERN
United States District Judge